**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 11 2020



MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| OSCAR ARMANDO RAMIREZ-GARCIA, AKA Olegario Garcia-Ramirez, Petitioner, v. WILLIAM P. BARR, Attorney General, Respondent. | No.   18-70911 Agency No. A200-974-565 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 6, 2020[**]

Before:     BERZON, N.R. SMITH, and MILLER, Circuit Judges.

Oscar Armando Ramirez-Garcia, a native and citizen of Mexico, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing his ap-

peal from an immigration judge's decision denying his applications for cancella-

tion of removal and voluntary departure.  We review de novo questions of law,

---

      [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      [**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

including claims of due process violations. *Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014). We dismiss the petition for review.

We lack jurisdiction to review the agency's decision denying cancellation of removal and voluntary departure as a matter of discretion and its discretionary determination that Ramirez-Garcia did not show exceptional and extremely unusual hardship to his U.S. citizen child, where Ramirez-Garcia does not present a colorable legal or constitutional claim. *See* 8 U.S.C. § 1229c(f); 8 U.S.C. § 1252(a)(2)(B)(i), (a)(2)(D); *Vilchiz-Soto v. Holder*, 688 F.3d 642, 644 (9th Cir. 2012) (absent a colorable legal or constitutional claim, the court lacks jurisdiction to review the agency's discretionary determination regarding hardship).

Ramirez-Garcia's contentions that the agency erred or violated due process because it did not properly weigh or consider evidence, or did not adequately explain its decision, are not colorable. *See Vilchiz-Soto*, 688 F.3d at 644 ("traditional abuse of discretion challenges recast as alleged due process violations do not present sufficiently colorable constitutional questions as to give this court jurisdiction"); *Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) ("What is required is merely that [the agency] consider the issues raised, and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." (citation omitted)).

**PETITION FOR REVIEW DISMISSED.**